1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JASON SCOTT HARPER,                    CV F   05-1166 OWW SMS HC

10                  Petitioner,            FINDINGS AND RECOMMENDATIONS
                                           REGARDING PETITION FOR WRIT OF
11      v.                                 HABEAS CORPUS

12                                         [Doc. 1]
     RODERICK HICKMAN, et. al.,
13
                    Respondent.
14   _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant petition for writ of habeas corpus on

     September 15, 2005.  In his petition, Petitioner raises a myriad of claims for relief challenging
18
     the conditions of his confinement, the constitutionality of his conviction and the issues of a rules
19
     violation report and disciplinary hearing.
20
                                          DISCUSSION
21
            Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
22
     review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
23
     plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule
24
     4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490
25
     (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the
26
     petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §
27
     2254(a).
28

A.    Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also Rule 1 to the Rules Governing § 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  Federal habeas review is limited to claims that are set out as described above.

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In Grounds One, Two and Three, Petitioner contends that Respondents were deliberately indifferent to their legal responsibility of his care in violation of the Fourteenth, Eighth and Sixth Amendments of the United States Constitution.  In Grounds Four, Five and Six, Petitioner contends that Respondents were grossly negligent in their legal responsibility of his care in violation of the Fourth, Fifth and First Amendments of the United States Constitution.  In

Grounds Seven, Eight, Nine and Ten, Petitioner contends that Respondents violated Article 1, Sections 1, 3, 7, and 17 of the California Constitution by carrying out and performing their job related duties with gross negligence and displaying deliberate indifference to their legal responsibility of the care of Petitioner.  In Ground Eleven, Petitioner contends that Respondents violated state law by carrying out and performing their duties with gross negligence.

To the extent Petitioner is attempting to challenge the conditions of his confinement in that Respondents have failed to meet his custodial needs, Petitioner's claims are not cognizable in a petition for writ of habeas corpus filed pursuant to section 2254.  Further, Petitioner's claims that challenge a violation of state law, including the California Constitution, are not cognizable under section 2254.  Habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985).  Should Petitioner wish to pursue these claims, he must file a civil rights complaint pursuant to 42 U.S.C. § 1983.[1]

B.      Challenge to Conviction

Petitioner contends that there was insufficient evidence to prove the special circumstance element that Petitioner acted with reckless indifference to human life.  (Petition, at 13.) Petitioner indicates that he was convicted of first degree murder in the Riverside County Superior Court.  (Petition, at 2.)

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

In this case, Petitioner challenges both the validity of his sentence and the execution of

---

[1]  The Court will, by this order, direct the Clerk of Court to send Petitioner a blank civil rights complaint form.

1   his sentence.  The proper venue for challenging the validity of his sentence is the district court

2   containing the sentencing court, while the proper venue to challenge the execution of his

3   sentence is the district court containing the prison in which Petitioner is incarcerated.

4        Although Petitioner has filed in the proper district court to challenge the execution of his

5   sentence, this claim should be heard by the district court containing the sentencing court.  Under

6   28 U.S.C. section 2254, this Court does not have jurisdiction to hear claims relating to the

7   sentencing court where Petitioner was not sentenced in this district.  See 28 U.S.C. § 2241(d);

8   Local Rule 81-191(g).  Additionally, the resolution of Petitioner's claims involving the

9   sentencing court may render his remaining claims moot.  Petitioner is challenging a conviction

10  from Riverside County, which is in the Central District of California.  Therefore, any claim

11  relating to the conviction that occurred in that Court must be filed in the United States District

12  Court for the Central District of California.[2]

13  C.   Rules Violation Report and Disciplinary Hearing

14       Petitioner contends that on August 31, 2005, he was issued a rules violation report for

15  possession of a controlled substance.  Petitioner contends that he was never given notice of the

16  rules violation and was not afforded several procedural protections in relation to his disciplinary

17  hearing.

18       Petitioner's challenge to the issuance of the rules violation report and procedures utilized

19  at the disciplinary hearing, Petitioner's claim is cognizable under section 2254.[3]

20

21       [2] The Court will recommend that the Clerk of Court send Petitioner a blank 2254 form petition for Petitioner to file in the United States District Court for the Central District of California, should he desire to do so.

22

23       [3] Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

25       However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process required that the decision be supported by "some evidence." Hill, 472 U.S. at 455, citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     Grounds One through Nine be dismissed from the action for failure to state a cognizable federal claim pursuant to section 2254;

2.     Petitioner's claim challenging the sufficiency of the evidence of the special circumstance element be dismissed from the action for lack of venue;

3.     The Clerk of Court shall send Petitioner a blank civil rights complaint and 2254 form petition; and

4.     The action shall proceed on Petitioner's claim challenging the disciplinary hearing procedure.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    December 7, 2005**            **/s/ Sandra M. Snyder**
icido3                                     UNITED STATES MAGISTRATE JUDGE